UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

      - against -                                 Civil No. _____

$36,980.00 in U.S. Currency,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS IN REM

2. The defendant is $36,980.00 in U.S. Currency.

3. The defendant property was seized from the residence of Ricky Savoy at 130 Kettle Court, Baltimore, Maryland on November 7, 2013, during the execution of a search warrant.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of TFO Jonathan Hayden of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   April 24, 2014

                                Respectfully submitted,

                                Rod J. Rosenstein
                                United States Attorney

By: _____/s/ Stefan D. Cassella_____
      Stefan D. Cassella
      Assistant United States Attorney
      36 South Charles Street
      Fourth Floor
      Baltimore, Maryland 21201
      (410) 209-4800

## DECLARATION

This declaration is submitted in support of a complaint for forfeiture of $36,980.00 in United States currency.

I, Jonathan Hayden, task force officer of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), submit that there are sufficient facts to support a reasonable belief that the $36,980.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On November 7, 2013, ATF Agents and Baltimore County Police Officers executed a state search warrant at the residence of Ricky Savoy, 130 Kettle Court in Baltimore, Maryland. Savoy was not home at the time but was subsequently located and arrested the same day.

b. Savoy shares the residence with his girlfriend, Tamia Diggs.

c. The officers seized, among other things, drug paraphernalia, twelve rounds of .44 caliber ammunition, and $36,980.00 in cash. Detectives located the cash in a safe in the master bedroom and had to force entry to access its contents. The ammunition was located in a nightstand in the master bedroom that also contained paperwork in Ricky Savoy's name.

d. The seized drug paraphernalia consisted of a spoon, sifter, and unused gel caps. Baltimore County Police Department Forensics Services analyzed residue found on the spoon,

and it tested positive for heroin and cocaine. Baltimore County also analyzed residue found on the sifter, and it tested positive for heroin.

e. Ricky Savoy has been indicted in the Circuit Court for Baltimore City on charges of conspiracy to distribute a controlled dangerous substance, in violation of Maryland Code section 5-602.

f. Since being incarcerated, Savoy has made multiple phone calls from prison, the recordings of which have been obtained by ATF. During a November 12, 2013 call between Savoy and a female believed to be Tamia Diggs, Savoy stated that he would likely get five years in prison for the drug charges. In the same conversation, they discussed the cash at issue, and Savoy stated that he won approximately $18,000 at a casino.

g. When Tamia Diggs presented her forfeiture claim to ATF, she asserted ownership over all of the $36,980 seized on November 7 and claimed that it was her student loan "refunds." Diggs failed to provide any supporting documentation.

h. Savoy was previously arrested on September 11, 2013 by Baltimore City Police Department Officer Jethro Estavien for drug possession and intent to distribute drugs. During the arrest, Savoy admitted that he sells drugs. Criminal charges from this arrest are pending separate from the drug conspiracy charges referenced above.

i. A review of Ricky Savoy's criminal history reveals a 1993 felony conviction for manslaughter and use of a handgun in committing a crime.

j. On February 28, 2014, a check for wages and employment was conducted for Savoy but no wages could be found.

k.   At a recent bail hearing in state court, Savoy represented that he was employed by a janitorial company. To date, however, I have seen no evidence demonstrating Savoy was employed.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE ABOVE FACTS IN REFERENCE TO THE SEIZURE OF $36,980.00 U.S. CURRENCY FROM RICKY SAVOY ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Jonathan Hayden
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by a Task Force Officer of the ATF, and that everything contained therein is true and correct to the best of my knowledge and belief.

_____
Stefan D. Cassella
Assistant U.S. Attorney

# MEMORANDUM

DATE: April 24, 2014

TO: Kristine Cupp
U.S. Marshals Service

Benjamin Patten, Baltimore Office
Bureau of Alcohol, Tobacco, Firearms and Explosives

FROM: Naquita Ervin
Paralegal Specialist

RE: U.S. v. **$36,980 in U.S. Currency**
Civil Action No. _____

**CATS ID/CASE NO: 761015-13-0034 / 14-ATF-001934**

The United States has filed a forfeiture action against **$36,980.00 in U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

**U.S. Department of Justice**
**United States Marshals Service**

## PROCESS RECEIPT AND RETURN

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $36,980 in U.S. Currency (Diggs) | Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
761015-13-0034/ 14-ATF--001934

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Naquita C. Ervin, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

Number of process to be served with this Form - 285

Number of parties to be served in this case

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service):

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of: [signature]

TELEPHONE NUMBER: 410-209-4800

DATE: 4/24/14

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated.
(Sign only first USM 285 if more than one USM 285 is submitted)

| Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| No. | No. | No. | | |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service   Time   am   pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED          SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT   2. USMS Record   3. Notice of Service   4. Billing Statement   5. Acknowledgment of Receipt